UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| EVER RECCORD, | ) | |
| | ) | No. 07 C 6147 |
| Plaintiff, | ) | |
| | ) | Judge HIBBLER |
| vs. | ) | |
| | ) | |
| CITY OF CHICAGO, and Chicago Police | ) | Magistrate Judge VALDEZ |
| Officers c. Rojas, Star No. 14347, and | ) | |
| A. Kubik, Star No. 3171, Individually, | ) | |
| | ) | Jury Demand |
| Defendants, | ) | |

**DEFENDANT OFFICERS ROJAS' AND KUBIK'S ANSWER TO PLAINTIFF'S COMPLAINT, AFFIRMATIVE DEFENSES AND JURY DEMAND**

Defendant Officers Arletta Kubik and Carlos Rojas ("Defendant Officers"), by one of their attorneys, Mary McCahill, Assistant Corporation Counsel of the City of Chicago, submit the following answer to plaintiff's complaint, affirmative defenses and jury demand:

1. This action arises under the United States Constitution and the Civil Rights Act of 1871 [42 U.S.C. Section 1983]. This court has jurisdiction under and by virtue of 28 U.S.C. Sections 1343 and 1331.

**ANSWER:** Defendant Officers admit Plaintiff brings a claim under the laws alleged, but deny engaging in any wrongful or illegal conduct.

2. Venue is founded in this judicial court upon 28 U.S.C. Section 1391 as the acts complained of arose in this district.

**ANSWER:** Defendant Officers admit that venue is proper, but deny engaging in any wrongful or illegal conduct.

## Parties

3.  At all times relevant hereto, the Plaintiff EVER RECCORD was and is a citizen of the United States, and was within the jurisdiction of this court.

**ANSWER:** Defendant Officers admit, upon information and belief, the allegations contained in this paragraph.

4.  At all times herein mentioned, defendant Chicago Police Officer, C. Rojas, Star No. 14347 ("ROJAS") was employed by the Chicago Police Department, and was acting under color of state law and as the employee, agent, or representative of the Chicago Police Department. This Defendant is being sued in his individual capacity.

**ANSWER:** Defendant Officers admit the allegations contained in this paragraph.

5.  At all times herein mentioned defendant Chicago Police Officer, A. Kubik, Star No. 3171 ("KUBIK") was employed by the Chicago Police Department, and was acting under color of state law and as the employee, agent, or representative of the Chicago Police Department. This Defendant is being sued in his individual capacity.

**ANSWER:** Defendant Officers admit the allegations contained in this paragraph.

6.  At all times herein mentioned, the CITY OF CHICAGO was a political division of the State of Illinois, existing as such under the laws of the State of Illinois. At all relevant times, the CITY OF CHICAGO maintained, managed, and/or operated the Chicago Police Department.

**ANSWER:** Defendant Officers admit, upon information and belief, the allegations contained in this paragraph.

## Factual Allegations

7.  On or about October 8, 2006, Plaintiff was lawfully in a public place, in the City of Chicago, County of Cook, State of Illinois.

**ANSWER:** Defendant Officers admit that Plaintiff was in a public place, in the City of Chicago, County of Cook, State of Illinois on October 8, 2006, but deny the remaining allegations contained in this paragraph.

8.  At that time and place defendants seized plaintiff.

**ANSWER:**  Defendant Officers admit that they seized Plaintiff when she was in a public place, in the City of Chicago, County of Cook, State of Illinois on October 8, 2006.

9.  Plaintiff did not consent to being seized.

**ANSWER:**  Defendant Officers admit the allegations contained in this paragraph.

10.  There was no outstanding arrest warrant for Plaintiff.

**ANSWER:**  Defendant Officers admit the allegations contained in this paragraph.

11.  There was no legal cause to seize Plaintiff.

**ANSWER:**  Defendant Officers deny the allegations contained in this paragraph.

12.  By reason of the above-described acts and omissions of defendants, plaintiff sustained injuries, including but not limited to, humiliation and indignities, and suffered great mental and emotional pain and suffering all to her damage in an amount to be ascertained.

**ANSWER:**  Defendant Officers deny the allegations contained in this paragraph.

13.  The aforementioned acts of defendants were willful, wanton, malicious, oppressive and done with reckless indifference to and/or callous disregard for Plaintiff's rights and justify the awarding of exemplary and punitive damages in an amount to be ascertained according to proof at the time of trial.

**ANSWER:**  Defendant Officers deny the allegations contained in this paragraph.

14.  By reason of the above-described acts and omission of defendants , Plaintiff was required to retain an attorney to institute, prosecute and render legal assistance to her in the within action so that he might vindicate the loss and impairment of her rights. By reason thereof, Plaintiff requests payment by Defendants of a reasonable sum for attorney's fees pursuant to 42 U.S.C. Section 1988, the Equal Access to Justice Act or any other provision set by law.

**ANSWER:**  Defendant Officers deny the allegations contained in this paragraph.

**COUNT I**
**Plaintiff Against Defendants ROJAS and KUBIK for**
**UNREASONABLE SEIZURE**

15.     Plaintiff hereby incorporates and realleges Paragraphs one (1) through fourteen (14) hereat as though fully set forth at this place.

**ANSWER:**    Defendant Officers restate their answers to paragraphs 1 through 14 as though fully set forth herein.

16.     By reason of the Defendants' conduct Plaintiff was deprived of rights, privileges and immunities secured to her by the Fourth and Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder.

**ANSWER:**    Defendant Officers deny the allegations contained in this paragraph.

17.     The arbitrary intrusion by Defendants, into the security and privacy of Plaintiff's person was in violation of Plaintiff's Constitutional Rights and not authorized by law.  The Defendants violated the Plaintiff's rights in the following manner: the seizure of Plaintiff was without any legal cause.  The foregoing was unnecessary, unreasonable and excessive, and was therefore in violation of Plaintiff's rights.  Therefore, the Defendants are liable to Plaintiff pursuant to 42 U.S.C. §1983.

**ANSWER:**    Defendant Officers deny the allegations contained in this paragraph.

WHEREFORE, Defendant Officers pray that this Court enter judgment in their favor, award defendants such costs and fees as allowed by law, and grant such further relief as this Court deems just and proper.

## COUNT III
### Plaintiff Against defendants ROJAS, KUBIK, and the CITY OF CHICAGO For the State Supplemental Claim Of Malicious Prosecution

18.     Plaintiff hereby incorporates and realleges Paragraphs one (1) through fourteen (14) hereat as though fully set forth at this place.

**ANSWER:**    Defendant Officers restate their answers to paragraphs 1 through 14 as though fully set forth herein.

19.     Defendants ROJAS and/or KUBIK caused a criminal prosecution to commence against plaintiff.

**ANSWER:**    Defendant Officers admit that Defendant Officer Rojas signed a criminal

complaint against Plaintiff, but are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph.

20. Defendants ROJAS and/or KUBIK, police officers employed by the CITY OF CHICAGO, maliciously commenced and caused to be continued a criminal action against the plaintiff without probable cause for the institution of these proceedings. As a result, plaintiff was injured emotionally, financially, and otherwise from the loss of certain constitutionally protected liberty and related rights.

**ANSWER:** Defendant Officers deny the allegations contained in this paragraph.

21. Defendants ROJAS and/or KUBIK facilitated this malicious prosecution by the creation of false evidence and/or by giving false police reports and/or false criminal complaints.

**ANSWER:** Defendant Officers deny the allegations contained in this paragraph.

22. The criminal proceedings were terminated in the plaintiffs' favor on or after November 1, 2006.

**ANSWER:** Defendant Officers deny the allegations contained in this paragraph.

23. The CITY OF CHICAGO is liable to plaintiff for the acts of ROJAS and/or KUBIK pursuant to the doctrine of *respondeat superior.*.

**ANSWER:** Defendant Officers make no answer to this paragraph as it is directed to Defendant City of Chicago.

24. Therefore, defendants ROJAS and KUBIK, and the CITY OF CHICAGO are liable under the state supplemental claim of Malicious Prosecution.

**ANSWER:** Defendant Officers deny the allegations contained in this paragraph, as it presupposes a finding of liability for Plaintiff's malicious prosecution claim.

WHEREFORE, Defendant Officers pray that this Court enter judgment in their favor, award defendants such costs and fees as allowed by law, and grant such further relief as this Court deems just and proper.

**AFFIRMATIVE DEFENSES**

1. At all times material to the events alleged in Plaintiff's Complaint, reasonable police officers objectively viewing the facts and circumstances that confronted Defendant Officers could have believed their actions to be lawful, in light of clearly established law and the information that Defendant Officers possessed. Defendant Officers, therefore, are entitled to qualified immunity on Plaintiff's Federal law claims.

2. Defendant Officers are not liable for injuries arising out of the exercise of discretionary acts. See 745 ILCS 10/2-201.

3. Defendant Officers are not liable for injuries claimed in the state law count because, as public employees, they are not liable for acts or omissions in execution or enforcement of the law, unless their conduct constitutes wilful and wanton conduct. See 745 ILCS 10/2-202. Defendant Officers were engaged in the execution and enforcement of the law and did not engage in any wilful and wanton conduct.

4. Defendant Officers are not liable for injuries claimed under the state law count because they are not liable for injuries caused by the acts or omission of other persons. See 745 ILCS 10/2-204.

5. Under Illinois Tort immunity law, Defendant Officers are not liable for injury allegedly caused by the instituting or prosecuting any judicial or administrative proceeding within the scope of their employment, unless they acted maliciously and without probable cause. 745 ILCS 10/2-208.

6. Any award of damages against Defendant Officers shall be reduced in proportion to the comparative fault of the Plaintiff's own intentional or wilful and wanton conduct which

proximately caused the claimed injuries and damages.

## JURY DEMAND

Defendant Officers hereby request trial by jury.

Respectfully submitted,

/s/ Mary McCahill
MARY McCAHILL
Assistant Corporation Counsel

30 N. LaSalle Street, Suite 1400
Chicago, Illinois 60602
(312) 742-6404
(312) 744-6566 (Fax)
Atty. No. 06277989

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| EVER RECCORD, | ) | |
| | ) | No. 07 C 6147 |
| Plaintiff, | ) | |
| | ) | Judge HIBBLER |
| vs. | ) | |
| | ) | |
| CITY OF CHICAGO, and Chicago Police | ) | Magistrate Judge VALDEZ |
| Officers c. Rojas, Star No. 14347, and | ) | |
| A. Kubik, Star No. 3171, Individually, | ) | |
| | ) | Jury Demand |
| Defendants, | ) | |

### NOTICE OF FILING AND CERTIFICATE OF SERVICE

TO:   Garrett Browne
      Ed Fox & Associates
      300 W. Adams, Ste. 330
      Chicago, IL 60606

**PLEASE TAKE NOTICE** that on this 22nd day of January 2008, I have caused to be e-filed with the Clerk of the United States District Court for the Northern District of Illinois, Eastern Division, **DEFENDANT OFFICERS ROJAS AND KUBIK'S ANSWER TO PLAINTIFF'S COMPLAINT, AFFIRMATIVE DEFENSES AND JURY DEMAND,** a copy of which is herewith served upon you.

I hereby certify that I have served this notice and the attached document by causing it to be delivered via U.S. mail to the person named above at the address shown this 22nd day of January 2008.

Respectfully submitted,

By:   /s/ Mary McCahill
      MARY MCCAHILL, Assistant Corporation Counsel

30 North LaSalle Street, Room 1400
Chicago, Illinois 60602
(312) 742-6404
Attorney No. 06277989